## G. B. Brasfield & Son et al. v. Northwestern Mutual Life Insurance Company.

(Decided February 18, 1930.)

HESTER & STAHR for appellants.

FENNER HEATHCOCK for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On March 6, 1923, the Northwestern Mutual Life Insurance Company loaned to George B. Brasfield and Thomas A. Prather, Jr., the sum of $7,500, for which they executed their note payable five years after date with interest at the rate of 5½ per cent. payable semiannually. The note was secured by a mortgage on a tract of land in Fulton county, and the mortgage was duly recorded in that county. In addition to conveying the land to secure the note, the mortgage contained the following provision: "Together with the privileges and appurtenances to the same belonging, and all of the rents, issues and profits which may arise or be had therefrom." The mortgage also provided that in case of default in the payment of any interest installments, or in the performance of any of the covenants or conditions contained in the mortgage, the whole indebtedness should at the option of the mortgagee become due and collectible at once; and that upon the commencement of any action to enforce the mortgage lien any court of competent jurisdiction, upon application of the mortgagee, may appoint a receiver to take possession of the premises and collect the rents, issues, and profits during the pendency of the action. Some time after the execution of the mortgage, Thomas A. Prather, Jr., conveyed his interest in the land to George B. Brasfield.

The mortgagors being in fault, this action was brought against Brasfield and Prather to recover on the debt and enforce the mortgage lien, and for the appointment of a receiver. The Farmers' & Merchants' Bank of Hickman, which held a second mortgage on the property, and the Hickman Bank & Trust Company, with which the

former had merged in some way, were made parties defendant for the purpose of asserting their interest in the property. P. G. Brasfield, son of the mortgagor, George B. Brasfield, intervened in the action and pleaded in substance that he and his father were, and had been for a number of years, partners in farming the land, under the firm name of George B. Brasfield & Son; that there were about 75 acres of corn, 35 acres of beans, 20 acres of clover growing on the land, all of which had been planted and cultivated by the partnership, and that the partnership assets were not sufficient to meet the partnership indebtedness. The Hickman Bank & Trust Company and the Farmers' & Merchants' Bank filed an answer, counterclaim, and cross-petition. In the first paragraph they set up their second mortgage lien on the land. In the second paragraph they asserted their lien on the crops by virtue of the chattel mortgage executed by the partnership of G. B. Brasfield & Son, to secure the payment of a partnership debt. Besides awarding the insurance company a lien on the land and adjudging its sale, the court entered another judgment awarding the insurance company a lien on the crops growing on the land to the extent of the reasonable rental value thereof, which was fixed at $800, and adjudging this lien superior to the chattel mortgage lien of the two banks. From the last judgment this appeal is prosecuted.

The judgment of the chancellor, awarding appellee a prior lien was based, and may be sustained, on the following grounds: Appellee's mortgage was of record. By virtue of its provision appellee had a lien on the rents and was entitled to a receiver both under the terms of the mortgage, Handman v. Volk, 99 S. W. 660, 30 Ky. Law Rep. 818, and under the undenied allegations of the petition bringing the case within section 299, Civil Code of Practice. The terms of the partnership, if one existed, are not very definite. George B. Brasfield, as owner of the land and landlord, was entitled to a reasonable rent and a lien on the crops to secure the rent, and he could not give the rent and lien away at the expense of one having a lien on the rents. Though partnership debts are a first claim on partnership assets, it must not be overlooked that the debt for rent was itself a partnership debt and was secured by a lien on the crops. In the circumstances it is clear that appellee succeeded to the rights of G. B. Brasfield, and was entitled to the same lien on

the crops that he had. Inasmuch as appellee's mortgage was of record, and the banks did not take the chattel mortgage on the crops until after suit was brought and they had been made parties to the action, and the motion for a receiver had been made, they took with notice, and the lien they acquired by the chattel mortgage was inferior to the lien of appellee.

Judgment affirmed.