## Northwestern Mutual Life Insurance Company v. Stofer.

(Decided January 15, 1932.)

C. E. RANKIN for appellant.

W. B. WHITE for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

On March 10, 1928, John Stofer executed a note to the Northwestern Mutual Life Insurance Company for $28,000, due in four years, and a mortgage to secure it

on 450 acres of land near Mt. Sterling, Ky. After the description of land in the mortgage are these words:

> "Together with the privileges and appurtenances to the same belonging and all of the rents, issues and profits which may arise or be had therefrom."

The mortgage also contained this provision:

> "And upon commencement of any action to enforce this mortgage or at any time thereafter and prior to the expiration of the time for redemption from any sale therein any court of competent jurisdiction, upon application of the party of the second part, its successors or assigns, or the purchaser at such sale, may at once and without notice to the parties of the first part, or any person claiming under them appoint a receiver for said premises to take possession thereof to collect the rents, issues and profits of said premises during the pendency of such action."

On October 1, 1931, the insurance company filed this suit showing that the debt was unpaid, also that there was on the land, in the barns, a crop of tobacco raised by Stofer worth $2,400, also in shocks on the land a crop of corn worth $500, and twenty-eight or thirty shocks of hay; it prayed the enforcement of its lien, and that the corn and tobacco be placed in the hands of the receiver. The court ordered the land sold, but refused to put the crops in the hands of the receiver or to order them sold. The proof showed that the land was worth $90 an acre, or more. The insurance company appeals.

In Brashfield v. Northwestern Mutual Insurance Co., 233 Ky. 94, 25 S. W. (2d) 72, the court had before it a mortgage precisely like that sued on. In that case, a crop was growing on the land when the petition was filed; the crop having been planted after the mortgage was given and the lien of the mortgage on the crop was sustained as between the mortgagor and the mortgagee, and a judgment enforcing the lien of the mortgagor on the crop was affirmed. That case followed Cheatham v. Tennell, 170 Ky. 429, 186 S. W. 128, 130, L. R. A. 1917C, 1, where it was held that a mortgage on a crop planted after the mortgage was given, was valid as between the parties. The court said: "As between the parties the

lien of Cheatham would have come into life when the property upon which the lien was given came into a potential or actual existence. In other words, the mortgage was not void as between the parties; and whenever the mortgagor acquired, by whatever means or method, the subject-matter of the mortgage, it then came under and subject to the lien of the mortgage to the same extent as if it had been in existence at the time the mortgage was executed." To the same effect, see United States C. I. P. & F. Co. v. Henry Vogt M. Co., 182 Ky. 482, 206 S. W. 806.

There can be no distinction between a crop growing on the land and a crop which has been cut off and placed in barns or in shocks on the land. But there is this fact here that did not appear in that case: The defendant Stofer, before the suit was brought, executed a chattel mortgage to the United States of America by which he created a lien on the crops on the land for the sum of $755, for the purpose of obtaining money with which to seed, plant, and set out the crops under the provision of the Act of Congress. The plaintiff in his original petition made the United States of America a defendant to the action, but by a subsequent order he dismissed the petition without prejudice to the United States. It thus appears that an intervening lien had been created upon the property since the mortgage was executed to secure the sum of $755.

Under section 299 of the Civil Code of Practice, a receiver may be appointed "if it appear that the property is in danger of being lost, removed or materially injured." It is aptly alleged in the petition that, unless a receiver is appointed for the purpose of taking possession of the crop, the same will be disposed of or consumed, and they will not be applied by the defendant to the satisfaction of the plaintiff's debt, and in this way the plaintiff will lose this much of its security.

It does not appear that the rights of any other third party will be affected, and the plaintiff has at least a lien on the crops in question subject to the rights of the United States under its mortgage; and the amount of its debt being less than one-third of the value of the crops, to protect the appellant from loss the crops may be placed in the hands of the receiver and on final hearing the court may make such disposition of the proceeds as is right under the facts shown. The rights of the parties

may be fully protected by proper orders at any time in the action.

Judgment reversed and cause remanded, with directions to sustain the motion for a receiver, and for further proceedings consistent herewith.